UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**McMANIMON, SCOTLAND
& BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Michele M. Dudas (mdudas@msbnj.com)
*Counsel for Official Committee of Unsecured
Creditors*

In re:

JOSEPH S. COHEN,

　　　　　Debtor.

Case No. 25-18758 (EJO)

Chapter 11

Honorable Eamonn J. O'Hagan, U.S.B.J.

Hearing Date and Time:
May 21, 2026, at 10:00 a.m.

**BRIEF IN SUPPORT OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL MICHELLE CAYRE COHEN TO COMPLY WITH RULE 2004 SUBPOENA, AND GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors ("Committee"), by and through its counsel, McManimon, Scotland & Baumann, LLC ("MSB"), hereby submits its Brief in support of its Motion to compel Michelle Cayre Cohen ("M. Cohen") to comply with the Rule 2004 Subpoena ("Subpoena") served by the Committee, and for related relief.  In support thereof, the Committee states as follows:

## PRELIMINARY STATEMENT

The Debtor is an individual and sophisticated businessman, who has ownership in and/or managerial role(s) in various valuable entities.  The Debtor is the creator of the "Snow Joe" electric shovel, through his entity Snow Joe, LLC ("Snow Joe").  *See* Debtor's First Day Declaration ("Declaration"), ECF 9.

Despite Snow Joe previously being valued at approximately $1 billion and making arrangements for a public offering (First Day Declaration, ¶ 12), the Debtor asserts Snow Joe began facing financial difficulties in 2022 due to increased tariffs and the aftermath of the COVID-19 pandemic. *Id.* ¶¶ 13-15.  In early-2024, Snow Joe's senior secured creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), conducted a UCC sale ("UCC Sale") of Snow Joe's assets ("Snow Joe Assets").  *Id.*, ¶ 20. Weather Brands, LLC ("Weather Brands"), an entity owned by M. Cohen's father and the Debtor's father-in-law, Kenneth Cayre, acquired the Snow Joe Assets at the UCC Sale.  The Snow Joe Assets are currently owned or licensed by All Season Power LLC ("All Season"), an entity which the Debtor founded on or about January 16, 2024 and has an ownership interest in through ASP Owner 1, LLC ("ASP").  The trust established in December 2020 for the benefit of Debtor's and M. Cohen's minor children, The Joseph S. Cohen Family Trust ("Joseph Trust") has a majority interest in ASP, along with the Debtor's father, Edward (Eddie) Cohen.

The Debtor has a legal or equitable ownership interest in various other entities with his family members, including M. Cohen.  Specific to M. Cohen, the Debtor has or had a fifty (50%) percent ownership interest in 71 Laight Street 5B LLC ("71 Laight"), JMC Operating, LLC ("JMC"), JM Pullman, LLC ("JM"), JM 1 Pullman, LLC ("JM 1"), JM 9 Pullman, LLC ("JM 9") and JM 200E 83 LLC ("JM 200E").

In early November 2025, the Committee served the Debtor with a Rule 2004 ("Debtor Subpoena") to investigate his assets and financial affairs. After the Debtor failed to fully and timely respond to the Debtor Subpoena, the Committee began serving third parties with Rule 2004 subpoenas to obtain information relevant to the Debtor's assets, liabilities and financial affairs, including M. Cohen.

2

On February 13, 2026, the Committee served the Subpoena on M. Cohen, which required production of documents by March 4, 2026, and scheduled the deposition of M. Cohen for March 12, 2026. A copy of the Subpoena is annexed as *Exhibit "A"* to the Certification of Michele M. Dudas, Esq. ("Dudas Cert.") filed in support hereof.

On March 2, 2026, objections to the Subpoena and a request to meet and confer ("Objections") were received from counsel to M. Cohen, Seyfarth Shaw LLP ("Seyfarth Firm").[1] *See Exhibit "B"* to Dudas Cert. After several follow up attempts by Committee counsel (see *Exhibit "D," Exhibit "E"* and *Exhibit "F"* to Dudas Cert.), M. Cohen made a partial production of documents on April 15, 2026, consisting of thirty-four (34) pages of documents ("Partial Production"). The remaining production was promised by April 24, 2026. *See Exhibit "F"* to Dudas Cert. No additional information has been received from M. Cohen as of this date.

The Committee is investigating whether the Debtor has transferred or diverted assets to M. Cohen or their family members, so as to keep them out of the reach of his creditors. Included in this investigation is the transfer of managerial control to M. Cohen as it relates to JM, JM 1 and JM 9 in the month leading up to the Petition Date (defined below). *See Exhibit "G"* through *Exhibit "I"* to Dudas Cert. It also relates to purchases made or paid from by the JMC bank account, and the content coverages for the real property owned or leased by the Debtor and M. Cohen in Long Branch, New Jersey and New York City. *See Exhibit "J"* and *Exhibit "K"* to Dudas Cert.

On April 10, 2026, the Debtor filed his combined Disclosure Statement and Plan [ECF 233]. The information sought by the Committee from M. Cohen is relevant to the Debtor's assets, liabilities and financial condition, and related confirmation process. At no point has M. Cohen

---

[1] The Lazarus Firm represented the Debtor and/or Snow Joe in various pre-petition litigation, including litigation filed by certain Committee members. The Lazarus Firm also is representing ASP and All Season in connection with Rule 2004 Subpoenas served on those entities by the Committee.

4916-1451-9455, v. 2

sought to quash the Subpoena or for a protective order since the Subpoena was served weeks ago.

Any time to do so has since expired. Therefore, the Committee moves to compel M. Cohen to

produce all outstanding information in the Subpoena and schedule her deposition.

## **RELEVANT BACKGROUND FACTS**

On August 20, 2025 ("Petition Date"), the Debtor commenced this voluntary Chapter 11

bankruptcy proceeding. ECF 1. In connection with the bankruptcy filing, on August 21, 2025, the

Debtor filed his First Day Declaration. ECF 9. Since the Petition Date, the Debtor has filed

Amendments to his Petition, Schedules and Statement of Financial Affairs. ECF 20, 52, 74, 77,

93 and 218.

On September 30, 2025, the Committee was formed. At the time of its formation, the

members of the Committee were DKSJ, LLC (Drew Katz and Nancy Zemlak), Northrock

Management LLC f/k/a Northrock Minerals, LLC (Moshe Wechsler), IDB Bank (David Polizzi)

and Orlo Truvolt Lender LLC (Aaron J. Orlofsky) ("Orlo Truvolt"). ECF 54. By Amended and

Reconstituted Notice of Appointment filed on February 27, 2026, Orlo Truvolt was removed as a

member of the Committee. This amendment was the result of the request of the Committee to

Orlo Truvolt that it voluntarily withdraw, which it voluntarily agreed to do.[2]

On October 16, 2025, the Debtor filed a Motion to retain Michael Goldman & Associates

as his valuation advisor/expert [ECF 62], which was granted by Order entered November 6, 2025.

ECF 84. On December 30, 2025, the Committee filed its Application to retain Eisner Advisory

---

[2] In his original filing, the Debtor listed a fifty (50%) percent ownership interest in Truvolt Brands, LLC ("Truvolt") [ECF 1], and then subsequently amended his Schedule A/B to remove any interest in the entity. ECF 74. Upon information and belief, Orlo Truvolt, an entity owned by Aaron Orlofsky, is an investor or owner in the Truvolt entity. Moreover, it came to the Committee's attention that Orlo Joe, an entity owned by Mr. Orlofsky, is a member in All Season. Orlo Equipment Financing LLC was formed in December 2025, and acquired the debt of Wells Fargo Equipment Financing, which was documented by Transfer of Claim filed on January 5, 2026. ECF 141. Finally, on April 10, 2026, the Debtor filed his combined Plan and Disclosure Statement, which lists Orlo Capital, LLC as a lender to fund plan payments.

4916-1451-9455, v. 2

Group LLC as its accountants and financial advisors [ECF 136], which was granted by Order, as amended, entered January 16, 2026. ECF 154.

**Discovery by Committee**

On November 5, 2025, the Committee served the Debtor Subpoena. The Committee agreed to extend the time to respond to the Debtor Subpoena until December 31, 2025, with a deposition anticipated for mid-January 2026. On March 19, 2026, the Committee filed a motion to compel production of outstanding information from the Debtor consisting of any and all communications relating to any of his business interests ("Debtor Motion to Compel"). ECF 200. There is a current status conference scheduled in this matter for April 30, 2026, during which conference the hearing date for Debtor Motion to Compel is expected to be discussed. Through April 2026, the Debtor continued to produce information in response to the Debtor Subpoena. Based upon an incomplete document production, the Debtor has not yet appeared for deposition pursuant to the Debtor Subpoena, but has agreed to appear for an initial deposition as it relates to the sale of his interests in certain entities to a trust established by M. Cohen ("Motion to Sell"). ECF 195.

On February 13, 2026, the Committee sent the Subpoena for service on the M. Cohen via process server, first-class mail and certified mail, return receipt requested.[3] The Subpoena seeks the following information from M. Cohen:

1.  Any and all Documents and Communications relating to the real property located at 30 East 85th Street, Suite 1D, New York, New York including, but not limited to any lease.
2.  Any and all Documents and Communications relating to any assets and liabilities of JM 200.

---

[3] The initial attempt made to 3 Pullman Avenue, Long Branch, New Jersey was returned due to it being a "summer home" that was vacant at the time of the attempted service. *See Exhibit "B"* to Dudas Cert..

3. Proof of any capital contribution made by M. Cohen for any entity owned jointly by M. Cohen and the Debtor, including but not limited to, JMC, JM, JM 1, JM 9 and 71 Laight (collectively, the "JM Entities").

4. Any and all Documents and Communications relating the amendment of the Operating Agreements for any entities owned by M. Cohen with the Debtor including, but not limited to the JM Entities, during January 1, 2020 through the present date ("Relevant Period").

5. Any and all Documents and Communications with any insurance company providing M. Cohen coverage during the Relevant Period regarding the value of any assets covered by the policies, including but not limited to the property and contents for 3 Pullman Avenue, Long Branch, New Jersey and/or 30 East 85th Street, Suite 1D, New York, New York.

6. Any and all Documents and Communications relating to any assets jointly owned by M. Cohen and the Debtor worth more than $5,000 in value that have been transferred, sold or disposed of during the Relevant Period.

7. Any and all Documents and Communications relating to any assets owned by the Debtor worth more than $5,000 in value that have been transferred to M. Cohen, any Trust or for M. Cohen's benefit during the Relevant Period.

8. Any and all Documents and Communications relating to any assets jointly owned by M. Cohen and the Debtor that were transferred to the Joseph Trust during the Relevant Period.

9. Any and all Documents and Communications relating to any assets jointly owned by M. Cohen and the Debtor that were transferred to any Trust during the Relevant Period.

10. Any and all Documents and Communications relating to any assets of the JM Entities that were transferred to the Joseph Trust during the Relevant Period.

11. Any and all Documents and Communications relating to any assets jointly owned by the JM Entities that were transferred to any Trust during the Relevant Period.

12. Any and all Documents and Communications relating to any transfers from any bank account with the Debtor which M. Cohen is an account holder, are power of attorney or have signatory authority where funds were transferred to M. Cohen, any Trust or otherwise for M. Cohen's benefit during the Relevant Period.

13. Any and all Documents and Communications relating to any transfers made from the bank accounts of JMC to the Joseph Trust during the Relevant Period.

14. Any and all Documents and Communications relating to any transfers made from the bank accounts of JMC to any Trust.

15. Any and all Documents and Communications relating to any assets worth more than $5,000 owned by the JM Entities that have been transferred, sold or disposed of during the Relevant Period.

16. Any and all Documents and Communications relating to any transfers or distributions made by the JM Entities during the Relevant Period.

6

17. Any and all Documents and Communications relating to any transfers made by JMC to KLCC Investments LLC during the Relevant Period.

18. Any and all deposits, capital contributions or other monies paid by M. Cohen or on M. Cohen's behalf relating to the purchase of 71 Laight Street, Apartment 5B, New York, New York.

19. Identity of any bank account where any proceeds from the sale of 71 Laight Street, Apartment 5B, New York, New York were deposited.

20. Any and all deposits, capital contributions or other monies paid by M. Cohen or on M. Cohen's behalf relating to the purchase of 1 Pullman Avenue, Long Branch, New Jersey.

21. Any and all appraisals obtained during the Relevant Period for 1 Pullman Avenue, Long Branch, New Jersey.

22. Any and all deposits, capital contributions or other monies paid by M. Cohen or on M. Cohen's behalf relating to the purchase of 3 Pullman Avenue, Long Branch, New Jersey.

23. Any and all appraisals obtained during the Relevant Period for 3 Pullman Avenue, Long Branch, New Jersey.

24. Any and all deposits, capital contributions or other monies paid by M. Cohen or on M. Cohen's behalf relating to the purchase of 9 Pullman Avenue, Long Branch, New Jersey.

25. Any and all appraisals obtained during the Relevant Period for 9 Pullman Avenue, Long Branch, New Jersey.

26. Any payments received by M. Cohen, any Trust and/or for M. Cohen's benefit from any of the Businesses[4] during the Relevant Period.

27. Any and all payments received by M. Cohen from the Debtor during the Relevant Period.

28. Any and all Documents and Communications relating to the Debtor's ownership interests in Snow Joe during the Relevant Period.

29. Any and all Documents and Communications relating to the Joseph Trust's ownership interests in Snow Joe during the Relevant Period.

30. Any and all Documents and Communications between M. Cohen and Kenneth Cayre respecting the Businesses and/or JM Entities.

31. Any and all Documents and Communications between M. Cohen and Edward (Eddie) Cohen respecting the Businesses and/or JM Entities.

32. A copy of M. Cohen's Last Will & Testament, and any modifications thereto.

33. Any and all Documents establishing the formation of any Trust, and any amendments or modifications thereto.

34. Any and all tax returns filed by any Trust from 2020 to the present, including gift tax returns.

35. Names, addresses and contact information for any beneficiaries of the Trust.

---

[4] "Businesses," as defined in the Subpoena, include, but are in no way limited to (a) Truvolt Brands LLC; (b) JEC 411 Hamilton Place LLC; (c) Joseph Edward Capital LLC; (d) Snow Joe; (e) ASP; (f) SJM Marketplace LLC; (g) All Season; (h) TruRide Tech, LLC; (i) Weather Brands; (j) Jetstream, LLC; (k) 71 Laight; (l) JM 200E; (m) JMC; (n) JM Pullman; (o) JM 1; and (p) JM 9.

7

36.   Any and all assets of the Trust, including the source of the asset(s), date of transfer or acquisition and current value.

37.   Any correspondence, including e-mails, between the Trustee(s) of the Trust to any beneficiaries of the Trust, professionals of the Trust, and/or the Debtor, since the inception of the Trust to the present date, which in any way relate to the Debtor, Businesses and/or JM Entities.

On March 2, 2026, the Seyfarth Firm served the Objections.  A copy of the Objections are annexed to the Dudas Cert. as *Exhibit "C."*  On March 16, 2026, the Committee's undersigned counsel had a meet and confer with M. Ryan Pinkston, Esq. of the Seyfarth Firm.

On March 17, 2026, the Debtor filed the Motion to Sell. ECF 195. There is a valuation of the estate's interests in JM, JM1 and JM 9 included in the Motion to Sell. There is also a discount for the lack of managerial control in those entities, and there was no allocation of any purchase price for the contents of the JM properties, which personal property is allegedly owned by the entities.

On March 24, 2026, counsel to the Committee sent the Seyfarth Firm a follow up e-mail regarding the overdue production.[5] A copy of the relevant portion of the March 24, 2026 e-mail chain is annexed to the Dudas Cert. as *Exhibit "D."* No response was received until April 8, 2026. On April 9, 2026, counsel to the Committee followed up with the Seyfarth Firm and advised that documents should be produced by Tuesday, April 14, 2026. On April 14, 2026, M. Cohen produced thirty-four (34) pages of documents, which related to the purchase of 71 Laight Street, Apartment 5B, New York, a transfer to the Debtor in August 2022, and loan modification for the mortgage for 3 Pullman Avenue, Long Branch (owned by JM) (collectively, the "Partial Production").  By e-mail dated April 15, 2026, the Seyfarth Firm agreed to produce all outstanding documents by Friday, April 24, 2026. *See Exhibit "F"* to Dudas Cert.

---

[5] In addition to Weather Brands, the Seyfarth Firm is representing Weather Brands, LLC, an entity owned by M. Cohen's father, and Benjamin Z. Goldstein in connection with Rule 2004 Subpoenas served.  My follow up attempts related to all outstanding Subpoena responses.

4916-1451-9455, v. 2

On April 10, 2026, the Debtor filed his combined Plan and Disclosure Statement. ECF 233. On that same date, he filed his Motion for (I) conditional approval of the Disclosure Statement, (II) scheduling a combined hearing on final approval of the Disclosure Statement and confirmation of his Chapter 11 Plan, (III) for approval of notices related thereto, and (IV) granting related relief. ECF 239.

The Committee now moves to compel the information required to be produced under the Subpoena.  Specifically, the Committee requests that M. Cohen be compelled to produce all outstanding information within three (3) business days from the entry of any Order granting the within Motion.  If there is no additional responsive information to any request that was responded to, it is requested that M. Cohen certify under penalty of perjury that the information is not applicable.  Finally, the Committee seeks to compel M. Cohen, after receiving all outstanding information, to appear for a deposition in early June, 2026.

## LEGAL ARGUMENT

The plain language of Fed. R. Bankr. P. 2004(b) provides:

*    *    *

(b)    Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.  . . .

*    *    *

Fed. R. Bankr. P. 2004.

A Rule 2004 examination has been described as "a broad investigation into the financial affairs of the debtor for the propose of the discovery of assets of the estate and the discovery of fraudulent conduct." *2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave.*

9

*Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998). In that broad scope, a Rule 2004 subpoena has been compared to a "fishing expedition." In fact, it is the term generally described in the context of a party's authority to use a Rule 2004 subpoena to obtain information. *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition.") (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) (noting that third parties with knowledge of the debtor's affairs are subject to Rule 2004 examination, and that the scope of a Rule 2004 examination is so broad that it can be in the nature of a fishing expedition); *In re Drexel Burnham Lambert, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (instructing that Rule 2004 examination "can be legitimately compared to a fishing expedition"); and *Matter of Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985) (stating that the scope of a Rule 2004 examination is larger than that allowed by the Federal Rules of Civil Procedure and "can legitimately be in the nature of a fishing expedition.").

Given the Committee's concern that the Debtor transferred or diverted any rights to M. Cohen or their respective trust(s), seeks to transfer the Debtor's rights to M. Cohen through this proceeding, the Subpoena is a legitimate discovery tool to investigate these issues, particularly now that the Debtor has filed the Motion to Sell [ECF 195], as well as his combined Plan and Disclosure Statement. In addition to requiring sufficient time to investigate and object to these pending matters, the time to object to his discharge will start running in short order pursuant to Fed. R. Bankr. P. 4004.

The Debtor did not produce significant information requested in the Debtor Subpoena as it relates to these outstanding issues. M. Cohen is the party with intimate knowledge of the Debtor's

10

assets, and liabilities.    She now holds managerial control in JM, JM1 and JM9 based upon amendments to the Operating Agreements in the month leading to the Petition Date, and also seeks to purchase the Debtor's interests in those entities at a steep discount for the benefit of their minor children.    M. Cohen should be compelled to produce all documents and appear for deposition under oath to investigate these issues.

## CONCLUSION

Based on the foregoing, the Committee respectfully respects that the Motion be granted in its entirety, and this Court grant such other and further relief as it deems just and proper.

**MCMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel to the Official Committee of Unsecured Creditors*

Dated: April 28, 2026                By:    */s/ Michele M. Dudas*
                                             ANTHONY SODONO, III
                                             MICHELE M. DUDAS

11

4916-1451-9455, v. 2