**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono III, Esq. (asodono@msbnj.com)
Michele M. Dudas, Esq. (mdudas@msbnj.com)
*Counsel to the Official Committee of Unsecured*
*Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| JOSEPH S. COHEN, | Case No. 25-18758 (EJO) |
| Debtor. | |

**CERTIFICATION OF MICHELE M. DUDAS, ESQ., IN SUPPORT OF MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPEL MICHELLE CAYRE COHEN TO COMPLY WITH RULE 2004 SUBPOENA, AND GRANTING RELATED RELIEF**

**MICHELE M. DUDAS**, of full age, hereby certifies as follows:

1. I am a partner with McManimon, Scotland & Baumann, LLC ("MSB"), counsel to the Official Committee of Unsecured Creditors ("Committee") appointed in the Chapter 11 proceeding of Joseph S. Cohen ("Debtor"). I submit this Certification in support of the Committee's motion to compel Michelle Cayre Cohen ("M. Cohen"), the wife of the Debtor, to comply with the Rule 2004 Subpoena served by the Committee, and for related relief ("Motion").

2. The Debtor has a legal or equitable ownership interest in various entities with his family members, including M. Cohen. Specific to M. Cohen, the Debtor has or had a fifty (50%) percent ownership interest in 71 Laight Street 5B LLC ("71 Laight"), JMC Operating, LLC ("JMC"), JM Pullman, LLC ("JM"), JM 1 Pullman, LLC ("JM 1"), JM 9 Pullman, LLC ("JM 9") and JM 200E 83 LLC ("JM 200E").

3.      On November 5, 2025, the Committee served the Debtor with a Rule 2004 Subpoena ("Debtor Subpoena"). The Committee agreed to extend the time to respond to the Debtor Subpoena until December 31, 2025, with a deposition anticipated for some time in mid-mid-January 2026.   Through April 2026, the Debtor continued to produce information in response to the Debtor Subpoena.  Based upon an incomplete document production, the Debtor has not yet appeared for deposition pursuant to the Debtor Subpoena, but has agreed to appear for an initial deposition as to JMC, JM1, JM and JM9, as they relate to the Motion to Sell (defined below).

4.      Given the delay in the Production, as well as incomplete responses contained therein, the Committee began serving Rule 2004 Subpoenas on various third parties, including M. Cohen.

5.      On February 13, 2026, the Committee sent a Rule 2004 Subpoena for service on M. Cohen ("M. Cohen Subpoena") via process server, certified mail (return receipt requested) and first-class mail.  The M. Cohen Subpoena required production of documents by March 4, 2026, and M. Cohen's Rule 2004 examination on March 12, 2026, at 10:00 a.m.  A copy of the M. Cohen Subpoena is annexed as **Exhibit "A."**[1]

6.      On March 2, 2026, the law firm of Seyfarth Shaw LLP ("Seyfarth") served Objections to the M. Cohen Subpoena and request to meet and confer ("Objections").  A copy of the Objections are annexed as **Exhibit "C."**

---

[1] The initial attempt for service was made at the address listed for the Debtor on his petition, 3 Pullman Avenue, Long Branch, New Jersey.  The Committee's process server, Guaranteed Subpoena, was unable to serve M. Cohen at the Pullman address, noting that it appeared to be a "summer home."  *See* Affidavit of Non-Service from Guaranteed Subpoena annexed as **Exhibit "B."**

7. On March 17, 2026, the Debtor filed his Motion to sell his interests in JM, JM 1 and JM 9 to M. Cohen for $1,875,000 ("Motion to Sell"). ECF 195. The Motion to Sell is currently returnable on May 28, 2026.

8. On March 16, 2026, I had a call with Ryan Pinkston, Esq. of Seyfarth regarding the M. Cohen Subpoena and Objections. It was my understanding from that conversation that a production would follow in short order.

9. On March 24, 2026, I sent the Seyfarth Firm a follow up e-mail regarding the overdue production.[2] A copy of the relevant portion of the March 24, 2026 e-mail chain is annexed as **Exhibit "D."** I did not receive any response until April 8, 2026.

10. On April 9, 2026, I followed up with the Seyfarth Firm and advised that documents should be produced by Tuesday, April 14, 2026. A copy of the relevant portion of the April 9, 2026 e-mail chain is annexed as **Exhibit "E."**

11. On April 14, 2026, M. Cohen produced thirty-four (34) pages of documents, which related to the purchase of 71 Laight Street, Apartment 5B, New York, a transfer to the Debtor in August 2022, and loan modification for the mortgage for 3 Pullman Avenue, Long Branch (owned by JM).

12. By e-mail dated April 15, 2026, the Seyfarth Firm agreed to produce all outstanding documents by Friday, April 24, 2026. A copy of the April 15, 2026 e-mail is annexed as **Exhibit "F."**

13. A copy of the First Amendment to the JM Operating Agreement dated July 21, 2025 is annexed as **Exhibit "G."**

4930-0107-1773, v. 1

14.     A copy of the First Amendment to the JM 1 Operating Agreement dated July 21, 2025 is annexed as **Exhibit "H."**

15.     A copy of the First Amendment to the JM 9 Operating Agreement dated July 21, 2025 is annexed as **Exhibit "I."**

16.     A copy of the Vault Insurance coverage summary page for insurance coverage at 3 Pullman Avenue, Long Branch is annexed as **Exhibit "J."**  The content coverage is in excess of $8 million.

17.     A copy of the Chubb Insurance coverage summary page for the insurance coverage for the rented apartment in New York City is annexed as **Exhibit "K."**  The "deluxe" content coverage is $400,000.

18.     No information was produced by the Debtor with respect to any capital contributions relating to JM, JM 1 or JM 9.  The only documents relating to those entities produced were the respective Operating Agreements and Amendments.

19.     All of the outstanding information due from M. Cohen is critical to the Committee's investigation of various assets of the Debtor, including as they relate to the Motion to Sell and the combined Plan and Disclosure Statement filed on April 10, 2026. ECF 233.

I hereby certify that the above statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  April 28, 2026                    _/s/ Michele M. Dudas_
                                           MICHELE M. DUDAS

---

[2] In addition to M. Cohen, the Seyfarth Firm is representing Weather Brands, LLC, an entity owned by M. Cohen's father, and Benjamin Z. Goldstein in connection with Rule 2004 Subpoenas served.  My follow up attempts related to all outstanding Subpoena responses.

4