# EXHIBIT "A"

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

JOSEPH S. COHEN,

        Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:  Michelle Cayre Cohen
     3 Pullman Avenue
     Long Branch, New Jersey 07740

Case No.  25-18758 (MEH)

Chapter  11

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | March 12, 2026, at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Michele M. Dudas | March 4, 2026,<br>by 5:00 p.m. |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>/s/ Michele M. Dudas | DATE<br><br>February 13, 2026 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Michele M. Dudas, Esq.
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5021 (Direct) | mdudas@msbnj.com
Counsel to Official Committee of Unsecured Creditors

   *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |  |
|---|---|---|---|
| **SERVED** | | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

4897-3662-9900, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

3

4897-3662-9900, v. 1

## **DEFINITIONS**

A.       "71 Laight" means 71 Laight Street 5B LLC and any of its members, officers, agents, professionals, representatives, employees or other person() and any other entity acting on its behalf.

B.       "Businesses" shall mean any business in which the Debtor has or had a legal or equitable ownership in, or is employed or contracts with, including, but in no way limited to (a) Truvolt Brands LLC; (b) JEC 411 Hamilton Place LLC; (c) Joseph Edward Capital LLC; (d) Snow Joe (as defined herein); (e) ASP Owner 1 LLC; (f) SJM Marketplace LLC; (g) All Season Power, LLC; (h) TruRide Tech, LLC; (i) Weather Brands, LLC; (j) Jetstream, LLC; (k) 71 Laight (defined herein); (l) JM 200E (defined herein); (m) JMC (defined herein); (n) JM Pullman (defined herein); (o) JM 1 (defined herein); (p) JM 9 (defined herein).

C.       "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

D.       "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

E.       "Debtor" means Joseph S. Cohen, Chapter 11 debtor, and any professionals, representatives, employees or other person, and any other entity acting on his behalf.

F.       "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of You, including documents accessible at Your request, and shall include, without limitation, the following: e-mails, the originals and all copies of all drafts of written or printed material, social media messaging, instant messaging, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda

(including written memoranda of telephone conversations, including text messages, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by You for Your own use or for transmittal, or received by You and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of You if it is in its physical custody or if it is in the physical custody of any person and You (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when You see fit to do so.

G. "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

4897-3662-9900, v. 1

H.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.     A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.     An oral statement or communication:

(i)     The date and the place where uttered.

(ii)    The place where received.

(iii)   The substance thereof.

(iv)    The means or medium employed for transmission thereof.

(v)     The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

6

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

I.    "JM" means JM Pullman LLC, and any of its members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

J.    "JM 1" means JM 1 Pullman LLC, and any of its members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

K.    "JM 9" means JM 9 Pullman LLC, and any of its members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

L.    "JM 200E" means JM 200E 83 LLC, and any of its members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

M.    "JM Entities" means the following entities owned by You and the Debtor including, but in no way limited to: (a) JMC (defined herein), (b) JM 9 (defined herein); (c) JM 1 (defined herein); (d) JM Pullman (defined herein), (e) 71 Laight (defined herein); and any of their members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on their behalf.

N.    "JMC" means JMC Operating, LLC, and any of its members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

O.    "Joseph Trust" means any trust established by or for the benefit of the Debtor, including, but not limited to the Joseph S. Cohen Family Trust, and any professionals, representatives, employees or other person, and any other entity acting on the Joseph Trust's behalf.

P.    "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

4897-3662-9900, v. 1

Q.      The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

R.      "Relevant Period" means January 1, 2020 through the present date

S.      "Snow Joe" means Snow Joe, LLC, and any members, officers, agents, professionals, representatives, employees or other person, and any other entity acting on its behalf.

T.      "Trust" means any trust established by or for You or Your benefit, and any professionals, representatives, employees or other person, and any other entity acting on any Trust's behalf.

U.      "You" or "Your" means the party or parties upon whom this discovery request is directed.

8

## SCHEDULE "A"

1. Any and all Documents and Communications relating to the real property located at 30 East 85th Street, Suite 1D, New York, New York including, but not limited to any lease.

2. Any and all Documents and Communications relating to any assets and liabilities of JM 200.

3. Proof of any capital contribution made by You for any entity owned jointly by You and the Debtor, including but not limited to, the JM Entities.

4. Any and all Documents and Communications relating the amendment of the Operating Agreements for any entities owned by You with the Debtor including, but not limited to the JM Entities, during the Relevant Period.

5. Any and all Documents and Communications with any insurance company providing You coverage during the Relevant Period regarding the value of any assets covered by the policies, including but not limited to the property and contents for 3 Pullman Avenue, Long Branch, New Jersey and/or 30 East 85th Street, Suite 1D, New York, New York.

6. Any and all Documents and Communications relating to any assets jointly owned by You and the Debtor worth more than $5,000 in value that have been transferred, sold or disposed of during the Relevant Period.

7. Any and all Documents and Communications relating to any assets owned by the Debtor worth more than $5,000 in value that have been transferred to You, any Trust or for Your benefit during the Relevant Period.

8. Any and all Documents and Communications relating to any assets jointly owned by You and the Debtor that were transferred to the Joseph Trust during the Relevant Period.

4897-3662-9900, v. 1

9.	Any and all Documents and Communications relating to any assets jointly owned by You and the Debtor that were transferred to any Trust during the Relevant Period.

10.	Any and all Documents and Communications relating to any assets of the JM Entities that were transferred to the Joseph Trust during the Relevant Period.

11.	Any and all Documents and Communications relating to any assets jointly owned by the JM Entities that were transferred to any Trust during the Relevant Period.

12.	Any and all Documents and Communications relating to any transfers from any bank account with the Debtor which You are an account holder, are power of attorney or have signatory authority where funds were transferred to You, any Trust or otherwise for Your benefit during the Relevant Period.

13.	Any and all Documents and Communications relating to any transfers made from the bank accounts of JMC to the Joseph Trust during the Relevant Period.

14.	Any and all Documents and Communications relating to any transfers made from the bank accounts of JMC to any Trust.

15.	Any and all Documents and Communications relating to any assets worth more than $5,000 owned by the JM Entities that have been transferred, sold or disposed of during the Relevant Period.

16.	Any and all Documents and Communications relating to any transfers or distributions made by the JM Entities during the Relevant Period.

17.	Any and all Documents and Communications relating to any transfers made by JMC to KLCC Investments LLC during the Relevant Period.

18.	Any and all deposits, capital contributions or other monies paid by You or on Your behalf relating to the purchase of 71 Laight Street, Apartment 5B, New York, New York.

4897-3662-9900, v. 1

19.     Identity of any bank account where any proceeds from the sale of 71 Laight Street, Apartment 5B, New York, New York were deposited.

20.     Any and all deposits, capital contributions or other monies paid by You or on Your behalf relating to the purchase of 1 Pullman Avenue, Long Branch, New Jersey.

21.     Any and all appraisals obtained during the Relevant Period for 1 Pullman Avenue, Long Branch, New Jersey.

22.     Any and all deposits, capital contributions or other monies paid by You or on Your behalf relating to the purchase of 3 Pullman Avenue, Long Branch, New Jersey.

23.     Any and all appraisals obtained during the Relevant Period for 3 Pullman Avenue, Long Branch, New Jersey.

24.     Any and all deposits, capital contributions or other monies paid by You or on Your behalf relating to the purchase of 9 Pullman Avenue, Long Branch, New Jersey.

25.     Any and all appraisals obtained during the Relevant Period for 9 Pullman Avenue, Long Branch, New Jersey.

26.     Any payments received by You, any Trust and/or for Your benefit from any of the Businesses during the Relevant Period.

27.     Any and all payments received by You from the Debtor during the Relevant Period.

28.     Any and all Documents and Communications relating to the Debtor's ownership interests in Snow Joe during the Relevant Period.

29.     Any and all Documents and Communications relating to the Joseph Trust's ownership interests in Snow Joe during the Relevant Period.

30.     Any and all Documents and Communications between You and Kenneth Cayre respecting the Businesses and/or JM Entities.

11

31.   Any and all Documents and Communications between You and Edward (Eddie) Cohen respecting the Businesses and/or JM Entities.

32.   A copy of Your Last Will & Testament, and any modifications thereto.

33.   Any and all Documents establishing the formation of any Trust, and any amendments or modifications thereto.

34.   Any and all tax returns filed by any Trust from 2020 to the present, including gift tax returns.

35.   Names, addresses and contact information for any beneficiaries of the Trust.

36.   Any and all assets of the Trust, including the source of the asset(s), date of transfer or acquisition and current value.

37.   Any correspondence, including e-mails, between the Trustee(s) of the Trust to any beneficiaries of the Trust, professionals of the Trust, and/or the Debtor, since the inception of the Trust to the present date, which in any way relate to the Debtor, Businesses and/or JM Entities.

4897-3662-9900, v. 1

# EXHIBIT "B"

20260213155852

**Guaranteed Subpoena Service, Inc.**
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
**www.Served.com**

MCMANIMON, SCOTLAND & BAUMANN, LLC
MICHELE M. DUDAS, ESQ.
75 LIVINGSTON AVE
ROSELAND NJ 07068

YOUR PROCESS **20260213155852** Was

**NOT SERVED!**

NOT Served Date/Time: 2/15/2026 11:12 AM

**Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: D6C59F5F**

NOT Served Upon:     **MICHELLE CAYRE COHEN**
At HOME :            **3 PULLMAN AVENUE  LONG BRANCH NJ 07740**

In the Case/Docket:  **25 18758 (MEH)**    Claim: **16031-0001**
Plaintiff:           **IN RE JOSEPH S. COHEN, DEBTOR.**
Defendant:           **N/A**
Attorney:            **MICHELE M. DUDAS, ESQ.**  Phone: **9736221800**  Fax: **9736227333**  Email:
Firm:                **MCMANIMON, SCOTLAND & BAUMANN, LLC**
                     **75 LIVINGSTON AVE   ROSELAND NJ 07068**

**VIDEO OF OUR ATTEMPTS ARE FREQUENTLY AVAILABLE AT A REASONABLE COST
EFFECTIVE 8/6/18 - WHEN AND WHERE AVAILABLE**

# AUTHORIZATION FOR ADVANCED SEARCH

**Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392**

**To order search check desired box, sign authorization and fax back to us immediately at 888-224-4405**

*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $60/$150 FEE.

[ ] Social Security Search $60 find or no find

[X] Skip Search* - $75.00 - no find, no pay

[ ] Postal Forwarding $60 anywhere in U.S

[ ] DMV - MVC $60 NJ only, $110 other states

**Sales Tax of 6.625% Applies**

[ ] VIDEO EVIDENCE $79.99 if available

[ ] Corporate Search - $85 anywhere in U.S.

[ ] **(SDA)** Stake Out/Inv $125/hr | **(GSS)** - Wait Time $100/hr (NJ)
$150/hr Out of State **(circle one)** - Auth Hours ___

_____    ___/___/_____
AUTHORIZING SIGNATURE               DATE

PLEASE FAX SIGNED AUTHORIZATION TO (888) 224-4405 OR CALL (877) SDA-2009 TO REACH **SPARTAN DETECTIVE AGENCY**
OR CALL (800) 672-1952 TO REACH **GUARANTEED SUBPOENA SERVICE**
We were unable to serve your process for the following reason:
**THE PROPERTY AT THE GIVEN, NJ ADDRESS IS A SUMMER HOME. THERE ARE NO CARS OR GARBAGE CANS
PRESENT AT RESIDENCE. MOST OF THE HOMES LOCATED IN THIS TOWN ARE SECONDARY RESIDENCES.
UNABLE TO EFFECTUATE SERVICE AT THIS TIME.**

***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***

# EXHIBIT "C"

 **Seyfarth**

**Seyfarth Shaw LLP**

560 Mission Street

31st Floor

San Francisco, California  94105

**T** (415) 397-2823

**F** (415) 397-8549

rpinkston@seyfarth.com

T (415) 544-1013

www.seyfarth.com

March 2, 2026

**<u>Via Email and First-Class Mail</u>**

Michele M. Dudas, Esq.
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
mdudas@msbnj.com

>  **Re:**   Joseph S. Cohen, Chapter 11 Case No. 25-18758 (MEH)
>            Rule 2004 Subpoena Served Upon Michelle Cayre Cohen
>            Objections and Request for Meet and Confer

Dear Ms. Dudas:

This firm represents Michelle Cayre Cohen ("Ms. Cohen"), in connection with the above-referenced bankruptcy proceeding. We write in response to the Rule 2004 Subpoena dated February 13, 2026 (the "Subpoena"), which commands Ms. Cohen to produce documents by March 4, 2026, and to appear for a deposition on March 12, 2026. Although Ms. Cohen does not seek to obstruct the Committee's legitimate investigatory efforts, this letter sets forth certain objections and concerns regarding the Subpoena and requests that we meet and confer to resolve these issues.

## I.      <u>General Objections</u>

***Good Cause.***  Although Rule 2004 examinations are broadly construed, courts have recognized that there should be sufficient cause for a Rule 2004 examination, requiring *"both a demonstration of need for information and some reason to believe that the respondent might possess that information." In re Diocese of Buffalo, N.Y.*, 655 B.R. 72 (Bankr. W.D.N.Y. 2023). To the extent the Subpoena sweeps beyond what is reasonably necessary and justified by good cause, Ms. Cohen objects. See also *In re Sheetz*, 452 B.R. 746 (Bankr. N.D. Ohio 2011); *In re DeShetler*, 453 B.R. 295 (Bankr. N.D. Ohio 2011).

***Overbreadth.***  Ms. Cohen objects to numerous document requests in Schedule A as overbroad in scope and not appropriately tailored to the legitimate needs of this proceeding. The scope of Rule 2004, while broad, "is not limitless." *In re DeShetler*, 453 B.R. at 299. Rule 2004 examinations "cannot stray into matters which are not relevant to the basic inquiry." *In re Kearney*, 590 B.R. 913 (Bankr. D. Kan. 2018). Moreover, courts have quashed subpoenas duces tecum as overly broad where they sought production of records in excess of those specified in the notice of



examination and court order. *In re Lufkin*, 255 B.R. 204 (Bankr. E.D. Pa. 2000). By way of example and without limitation, certain requests in Schedule A seek "[a]ny and all Documents and Communications" across a six-year period (January 1, 2020 through the present) and "[a]ny and all Documents" relating to numerous business entities and non-debtor individuals without reasonable limitation as to subject matter, rendering them facially overbroad.

***Undue Burden.*** Ms. Cohen objects to the Subpoena to the extent that compliance would impose an undue burden and expense disproportionate to the needs of this case. Courts consider Rule 2004 requests on a case-by-case basis, "balancing the examiner's interest against respondents' interests." *In re Kleynerman*, 617 B.R. 122 (Bankr. N.D. Ill. 2020). The breadth of the document requests, combined with the compressed timeframe for production, creates a burden that is unreasonable under the circumstances. See also *In re McClain Feed Yard, Inc.*, 661 B.R. 136 (Bankr. D. Kan. 2024).  This burden is particularly under in light of Ms. Cohen's status as a third party and given that the Committee may obtain many of the requested documents directly from the above-referenced debtor.

***Harassment and Abuse.*** Ms. Cohen reserves all rights to object to any aspect of the Subpoena that may constitute harassment or abuse. While Ms. Cohen does not suggest that the Committee has acted in bad faith, Rule 2004 "cannot be used to harass, abuse, or inquire into irrelevant matters, and Rule 2004 examinations should not be overly disruptive or costly." *In re Lufkin*, 255 B.R. at 210.

***Privilege.*** Ms. Cohen objects to the Subpoena to the extent it seeks documents or testimony protected by the attorney-client privilege, spousal privilege, work-product doctrine, or any other applicable privilege or immunity. Federal common law rules of privilege apply to Rule 2004 examinations. *In re Asia Global Crossing, Ltd.*, 322 B.R. 247 (Bankr. S.D.N.Y. 2005). To the extent responsive documents are withheld on grounds of privilege, Ms. Cohen will provide an appropriate privilege log.

## II.     <u>Specific Concerns Regarding the Subpoena</u>

***Insufficient Time for Compliance.*** The Subpoena requires production of documents by March 2, 2026, pursuant to a short extension to Ms. Cohen's deadline to respond.  Given the breadth of the thirty-seven categories of documents demanded in Schedule A, spanning a more than six-year time period and encompassing multiple entities and individuals, this timeframe does not allow reasonable time for compliance. Under Rule 45(c)(3)(A)(i), made applicable by Bankruptcy Rule 9016, a subpoena must be quashed or modified if it fails to allow reasonable time for compliance. Ms. Cohen  respectfully requests an extension of the document production deadline to allow for a reasonable and good-faith search and production.

***Scope of Document Requests.*** Several of the document requests in Schedule A are not sufficiently tailored to the matters at issue in this Chapter 11 case. For example, requests that seek "any and all Documents and Communications" relating to the Debtor's numerous "Businesses"—defined to include approximately fifteen separate entities—without further limitation as to relevance or subject matter, exceed the permissible scope of a Rule 2004 examination. Rule 2004(b) limits examinations to matters relating to the debtor's acts, conduct, or property, the debtor's right to a discharge, and other narrowly focused topics. Ms. Cohen



requests that the Committee narrow these requests to specific, identifiable subject matters pertinent to the administration of the estate.

***Deposition Location and Scheduling.***  The Subpoena commands Ms. Cohen to appear for a deposition at the offices of McManimon, Scotland & Baumann, LLC in Roseland, New Jersey on March 12, 2026. Ms. Cohen resides in Brooklyn, New York. We respectfully request that the parties discuss a mutually agreeable date, time, and format for the examination, including the possibility of conducting the deposition by remote videoconference or at a location more convenient to Ms. Cohen.

## III.    Reservation of Rights

By raising the foregoing objections, Ms. Cohen does not waive, and expressly reserves, any and all additional objections, defenses, and privileges that may be available to her, including but not limited to those arising under Rule 45, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the District of New Jersey, or applicable law.

## IV.    Proposal to Meet and Confer

Ms. Cohen is committed to cooperating with the Committee's legitimate discovery needs in this Chapter 11 case. In that spirit, we respectfully request the opportunity to meet and confer with you at your earliest convenience to discuss the following:

1.  Narrowing the scope of the document requests to reduce overbreadth and focus on categories most relevant to the Committee's investigation;

2.  Establishing a reasonable and realistic timeline for document production;

3.  Agreeing upon a mutually convenient date, time, location, and format for the Rule 2004 examination of Ms. Cohen; and

4.  Addressing any other logistical or substantive issues to facilitate efficient compliance.

We are available to meet and confer by telephone or videoconference at a time convenient to you. Please contact the undersigned to schedule a call. We trust that through good-faith discussions, the parties can reach an accommodation that serves the interests of all parties without the need for court intervention.

Pending resolution of the issues raised herein, we respectfully request that the Committee agree to a further reasonable extension of the document production deadline.

Very truly yours,

SEYFARTH SHAW LLP

M. Ryan Pinkston

323704436v.2

# EXHIBIT "D"

## Michele M. Dudas

**From:** Michele M. Dudas
**Sent:** Tuesday, March 24, 2026 8:29 AM
**To:** 'Pinkston, Ryan'
**Subject:** RE: Cohen Subpoenas

Ryan,

Following up on our conversation from last week.  We really need a firm date by which we will receive documents in response to the Subpoenas.  With respect to Mrs. Cohen, as you may know, the Debtor moved to sell is interests in the entities which own valuable real estate, allegedly used as the Debtor's and Mrs. Cohen as their part-time residence.  We need her responses in order for the Committee to make a decision whether it is proceeding with its objection to same. That said, each of the Subpoenas served on the clients you are representing are equally important and we seek to avoid engaging in motion practice.  Please let me know.

**Michele M. Dudas, Partner**
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial: 973-721-5021**
**Email: MDudas@MSBNJ.COM**
**Website**

**Connect with MS&B on LinkedIn | Twitter | Instagram**

**From:** Pinkston, Ryan <RPinkston@seyfarth.com>
**Sent:** Monday, March 16, 2026 4:48 PM
**To:** Michele M. Dudas <MDudas@MSBNJ.COM>
**Subject:** Re: Cohen Subpoenas

I'll be at my desk about 5 minutes after the hour.

_____

**M. Ryan Pinkston** | Partner | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-544-1013 | Fax: +1-312-460-7578
RPinkston@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 16, 2026, at 12:46 PM, Michele M. Dudas <MDudas@msbnj.com> wrote:

# EXHIBIT "E"

## Michele M. Dudas

**From:**          Michele M. Dudas
**Sent:**          Thursday, April 9, 2026 5:47 PM
**To:**            'Pinkston, Ryan'
**Subject:**       RE: Cohen Subpoenas

Ryan, please have the documents produced by Tuesday, April 14, 2026.  We were prepared to file the motions to compel today, based upon a 21 day notice period, and the Judge conducting hearings on Thursdays.  Thank you.

**Michele M. Dudas, Partner**
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial: 973-721-5021**
**Email: MDudas@MSBNJ.COM**
**Website**

**Connect with MS&B on LinkedIn | Twitter | Instagram**

**From:** Pinkston, Ryan <RPinkston@seyfarth.com>
**Sent:** Wednesday, April 8, 2026 12:24 PM
**To:** Michele M. Dudas <MDudas@MSBNJ.COM>
**Subject:** RE: Cohen Subpoenas

Michele,

David Bruck reached out.  I just found this email in my spam folder.  I'm working on the subpoenas amid work on other matters, including some emergency motion practice.  I am doing my best to get productions out to you by mid-next week and also to coordinate with David Bruck to get you what you need.  No need for motion practice here.

Best,
Ryan

**M. Ryan Pinkston** | Partner | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-544-1013 | Fax: +1-312-460-7578
RPinkston@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Michele M. Dudas <MDudas@MSBNJ.COM>
**Sent:** Tuesday, March 24, 2026 5:29 AM
**To:** Pinkston, Ryan <RPinkston@seyfarth.com>
**Subject:** RE: Cohen Subpoenas

Ryan,

Following up on our conversation from last week.  We really need a firm date by which we will receive documents in response to the Subpoenas.  With respect to Mrs. Cohen, as you may know, the Debtor moved to sell is interests in the entities which own valuable real estate, allegedly used as the Debtor's and Mrs. Cohen as their part-time residence.  We need her responses in order for the Committee to make a decision whether it is proceeding with its objection to same. That said, each of the Subpoenas served on the clients you are representing are equally important and we seek to avoid engaging in motion practice.  Please let me know.

**Michele M. Dudas, Partner**
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial: 973-721-5021**
**Email: MDudas@MSBNJ.COM**
**Website [msbnj.com]**

**Connect with MS&B on LinkedIn | Twitter | Instagram [instagram.com]**

**From:** Pinkston, Ryan <RPinkston@seyfarth.com>
**Sent:** Monday, March 16, 2026 4:48 PM
**To:** Michele M. Dudas <MDudas@MSBNJ.COM>
**Subject:** Re: Cohen Subpoenas

I'll be at my desk about 5 minutes after the hour.

—————

**M. Ryan Pinkston** | Partner | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-544-1013 | Fax: +1-312-460-7578
RPinkston@seyfarth.com | www.seyfarth.com

CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 16, 2026, at 12:46 PM, Michele M. Dudas <MDudas@msbnj.com> wrote:

That works.  I'll give you a call then.

# EXHIBIT "F"

## Michele M. Dudas

| | |
|---|---|
| **From:** | Pinkston, Ryan <RPinkston@seyfarth.com> |
| **Sent:** | Wednesday, April 15, 2026 3:27 PM |
| **To:** | Michele M. Dudas |
| **Subject:** | Re: In re Joseph Cohen |

Checking now.

Firm deadline - end of next week okay? I'm headed to the airport for this weekend attending to a few personal matters and won't be at my desk.

**M. Ryan Pinkston** | Partner | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-544-1013 | Fax: +1-312-460-7578
RPinkston@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING:  This email may contain privileged or confidential information and is for the sole use of the intended recipient(s).  Any unauthorized use or disclosure of this communication is prohibited.  If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Apr 15, 2026, at 12:21 PM, Michele M. Dudas <MDudas@msbnj.com> wrote:

Hi Ryan,

Following up to see when I can expect the documents.  Also, I need a firm deadline on when we will receive a complete production (if this is not) and when we will receive the responses to the Subpoenas to Mr. Goldstein and Weather Brands.  The Committee is prepared to file motions to compel.

Michele M. Dudas, Partner
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial: 973-721-5021**
**Email: MDudas@MSBNJ.COM**
Website [msbnj.com]

**Connect with MS&B on LinkedIn | Twitter | Instagram [instagram.com]**

**From:** Pinkston, Ryan <RPinkston@seyfarth.com>
**Sent:** Wednesday, April 15, 2026 11:13 AM

**To:** Michele M. Dudas <MDudas@MSBNJ.COM>
**Subject:** In re Joseph Cohen

Michele, working with David Bruck. I have some documents from Michelle Cayre coming over to you today. Having them Bates stamped this morning (Pacific time).

_____

M. Ryan Pinkston | Partner | Seyfarth Shaw LLP
560 Mission Street | Suite 3100 | San Francisco, California 94105-2930
Direct: +1-415-544-1013 | Fax: +1-312-460-7578
RPinkston@seyfarth.com | www.seyfarth.com

---------------------------------------------
CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.
---------------------------------------------

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at (973) 622-1800 and delete the message. Thank you very much.

# EXHIBIT "G"

## FIRST AMENDMENT TO OPERATING AGREEMENT

THIS FIRST AMENDMENT TO OPERATING AGREEMENT (this "Amendment") of JM PULLMAN AVENUE LLC (the "Company") is made as of July 21, 2025 by and among the Members and Manager.

### WITNESSETH:

WHEREAS, on or about May 25, 2017, the Members (or their predecessors in interest as the case may be) caused the Company to be formed as a limited liability company pursuant to the New Jersey Limited Liability Company Act;

WHEREAS, the Members previously entered into a certain Operating Agreement dated May 25, 2017 ("Original Operating Agreement") relating to, among other things, the ownership, management and operation of the Company;

WHEREAS, Joseph S. Cohen ("Joe") hereby resigns as managing member, the Members agree that the Company will be hereafter managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager of the Company, upon the terms and conditions set forth herein.

Now, therefore, in consideration of the premises and mutual covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Members and Manager hereby agree as follows:

1. Terms not otherwise defined herein have the respective meanings ascribed to them in the Original Operating Agreement. The recitals set forth above are incorporated by reference herein.

2. Joe hereby resigns as managing member, the Company will be hereafter be managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager, who shall be vested with and have the sole authority to manage the affairs of the Company, in her sole and absolute discretion.

3. Except as specifically modified herein, the Original Operating Agreement remains in full force and effect. This Amendment may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. The Original Operating Agreement together with this Amendment shall be deemed the Operating Agreement for the Company. The signature of any party to a counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart.

319241564v.1

Committee_0004173

IN WITNESS WHEREOF, the parties have entered into this Amendment on the day first above set forth.

Members:

_____
Joseph S. Cohen

_____
Michelle Cayre Cohen

Manager:

_____
Michelle Cayre Cohen

Resigning Manager:

_____
Joseph S. Cohen

319241564v.1

# EXHIBIT "H"

FIRST AMENDMENT TO OPERATING AGREEMENT

THIS FIRST AMENDMENT TO OPERATING AGREEMENT (this "Amendment") of JM 1 PULLMAN AVENUE LLC (the "Company") is made as of July 21, 2025 by and among the Members and Manager.

WITNESSETH:

WHEREAS, on or about September 20, 2021, the Members (or their predecessors in interest as the case may be) caused the Company to be formed as a limited liability company pursuant to the New Jersey Limited Liability Company Act;

WHEREAS, the Members previously entered into a certain Operating Agreement dated September 20, 2021 ("Original Operating Agreement") relating to, among other things, the ownership, management and operation of the Company;

WHEREAS, Joseph S. Cohen ("Joe") hereby resigns as managing member, the Members agree that the Company will be hereafter managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager of the Company, upon the terms and conditions set forth herein.

Now, therefore, in consideration of the premises and mutual covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Members and Manager hereby agree as follows:

1. Terms not otherwise defined herein have the respective meanings ascribed to them in the Original Operating Agreement. The recitals set forth above are incorporated by reference herein.

2. Joe hereby resigns as managing member, the Company shall be hereafter managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager, who shall be vested with and have the sole authority to manage the affairs of the Company, in her sole and absolute discretion.

3. Except as specifically modified herein, the Original Operating Agreement remains in full force and effect. This Amendment may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. The Original Operating Agreement together with this Amendment shall be deemed the Operating Agreement for the Company. The signature of any party to a counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart.

319241525v.1

Committee_0004169

IN WITNESS WHEREOF, the parties have entered into this Amendment on the day first above set forth.

Members:

_____
Joseph S. Cohen

_____
Michelle Cayre Cohen

Manager:

_____
Michelle Cayre Cohen

Resigning Manager:

_____
Joseph S. Cohen

319241525v.1

Committee_0004170

# EXHIBIT "I"

## FIRST AMENDMENT TO OPERATING AGREEMENT

THIS FIRST AMENDMENT TO OPERATING AGREEMENT (this "Amendment") of JM 9 PULLMAN LLC (the "Company") is made as of July 21, 2025 by and among the Members and Manager.

### WITNESSETH:

WHEREAS, on or about December 11, 2019, the Members (or their predecessors in interest as the case may be) caused the Company to be formed as a limited liability company pursuant to the New Jersey Limited Liability Company Act;

WHEREAS, the Members previously entered into a certain Operating Agreement dated December 11, 2019 ("Original Operating Agreement") relating to, among other things, the ownership, management and operation of the Company;

WHEREAS, Joseph S. Cohen ("Joe") hereby resigns as managing member, the Members agree that the Company will be hereafter managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager of the Company, upon the terms and conditions set forth herein.

Now, therefore, in consideration of the premises and mutual covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Members and Manager hereby agree as follows:

1. Terms not otherwise defined herein have the respective meanings ascribed to them in the Original Operating Agreement. The recitals set forth above are incorporated by reference herein.

2. Joe hereby resigns as managing member, the Company will be hereafter be managed by one (1) manager, acting singly, and Michelle Cayre Cohen ("Michelle") is hereby appointed as the sole and exclusive Manager, who shall be vested with and have the sole authority to manage the affairs of the Company, in her sole and absolute discretion.

3. Except as specifically modified herein, the Original Operating Agreement remains in full force and effect. This Amendment may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. The Original Operating Agreement together with this Amendment shall be deemed the Operating Agreement for the Company. The signature of any party to a counterpart shall be deemed to be a signature to, and may be appended to, any other counterpart.

319265989v.1

IN WITNESS WHEREOF, the parties have entered into this Amendment on the day first above set forth.

Members:

_____
Joseph S. Cohen

_____
Michelle Cayre Cohen

Manager:

_____
Michelle Cayre Cohen

Resigning Manager:

_____
Joseph S. Cohen

319265989v.1

Committee_0004172

# EXHIBIT "J"



# VAULT COMPLETE

### ISSUING COMPANY: VAULT RECIPROCAL EXCHANGE

| | |
|---|---|
| **NEW JERSEY DECLARATIONS PAGE RENEWAL** | **POLICY NUMBER**   HO100005510-05 |

| | |
|---|---|
| Joseph  Cohen | Jencap Specialty Insurance Services Inc |
| JM Pullman Avenue LLC | 331 Newman Springs Road, Suite 235 |
| Michelle  Cohen | Red Bank, NJ 07701 |
| PO BOX 461 | Agency Producer # 56501 |
| Jersey City, NJ 07302 | (732) 223-6666 |

**Policy Period:** 09/03/2025 to 09/03/2026
Each Policy Period begins and ends as 12:01 AM standard time at the insured location.

**Declarations Effective Date:** 09/03/2025

### INSURED LOCATION

3 Pullman Avenue
Long Branch, NJ 07740

| Coverage | Coverage Limit |
|---|---|
| Dwelling | $13,532,263 |
| Other Permanent Structures | $898,551 |
| Contents | $8,808,240 |
| Loss of Use | $1,353,226 |
| Sump Pump and Back Up of Sewers and Drains | $13,532,263 |
| Liability | $1,000,000 |
| Medical Payments | $10,000 |
| Worker's Compensation and Employer Liability Coverage Limit | $500,000 |

**Total Location Premium $**██████

### PREMIUM ADJUSTMENTS

| | | |
|---|---|---|
| ██████████ | | ██ |
| ██████████ | | ██ |
| Central Reporting Fire Alarm | Y | |
| Low Temp Monitoring | Y | |
| Lifestyle Specialty Member Loyalty | Y | |
| Backup Generator | Y | |

### POLICY FORMS AND ENDORSEMENTS

| Form Name | Form Number | Edition Date |
|---|---|---|



# VAULT COMPLETE

| | | |
|---|---|---|
| Replacement Cost One Pager | VREHO-RC1P | 03-23 |
| Homeowners Coverage Policy Provisions | VREHO-CW | 12-18 |
| Privacy Notice | VRE-PRIV | 09-22 |
| Consumer Disclosure Notice | VRE-CRDNOT | 04-19 |
| Important Notice - NJ PLIGA Assessment | VRE-PLIGA-NJ | 02-21 |
| New Jersey State Amendatory Endorsement | VREHO-SAE-NJ | 10-18 |
| New Jersey State Cancellation-Nonrenewal Endorsement | VREHO-CXNR-NJ | 05-19 |
| Pollutants or Contaminants Exclusion Notice | VREHO-PCXNOT-NJ | 10-18 |
| HVHO Summary of Coverages - Homeowners | VREHO-SUMNOT-NJ | 10-18 |
| Additional Insured - Limited Liability Endorsement | VREHO INSD PERS LTDLIAB | 01-17 |
| Additional Insured Individual Endorsement | VREHO-ADI-INDV | 01-17 |
| Home Systems Protection Endorsement | VREHO-HOMES | 12-18 |
| Service Line Coverage Endorsement | VREHO-SLC | 10-18 |
| Water Damage Deductible | VREHO-WDD | 07-21 |
| Workers Compensation | VREHO-WC-NJ | 10-18 |

## MORTGAGEE INFORMATION

Central Loan Administration & Reporting
ISAOA/ATIMA
P.O. Box 202028
Florence, SC, 29502
Loan # ███████████

## DEDUCTIBLE

| | |
|---|---|
| Hurricane Deductible: | $270,645 2% of Dwelling Coverage Limit per covered loss |
| All Other Peril Deductible: | $25,000 per covered loss |
| Water Damage Deductible | $25,000 per covered loss |

**TOTAL PREMIUM**

**Surplus Contribution**

**New Jersey Property - Liability Ins. Guaranty Assoc. Surcharge**

**Grand Total**



**YOU WILL BE BILLED SEPARATELY FOR ANY PREMIUM DUE**

General Inquiries

Vault Reciprocal Exchange
300 First Avenue South



**VAULT COMPLETE**

Suite 401
St. Petersburg, FL 33701
1-844-36-Vault (1-844-368-2858)
Claims: 1-844-388-5677 (LOSS)
CustomerSupport@vault.insurance

Authorized Signature

# EXHIBIT "K"



**Coverage Summary**

**CHUBB®**

| Name and address of Insured | Page 1 |
|---|---|
| JOSEPH COHEN | **Effective date** 1/9/25 |
| | **Policy no.** 14030892-04 |
| ███████████████ | **Issued by** Chubb National Insurance Company |
| | a stock insurance company |
| | incorporated in Indiana |
| | **Policy period** 1/9/25 to 1/9/26 |

**If you have any questions, please contact**
IRONPEAK SERVICES CORP
PO BOX 1625
WHITEHOUSE STATION , NJ  08889-0000
800.777.2131

This Coverage Summary is part of your policy. **PLEASE READ YOUR POLICY CAREFULLY, INCLUDING THIS COVERAGE SUMMARY, FOR A COMPLETE DESCRIPTION OF YOUR COVERAGES.**

## Homes and Contents

Your policy provides coverage against physical loss if your home or its contents are damaged, destroyed, or lost. The kinds of losses that are covered, and any special limits that apply, are explained in detail in the policy.

| Address | Dwelling | Contents |
|---|---|---|
| RENTAL AT<br>30 E. 85TH STREET 1D<br>NEW YORK, NY | | $400,000<br>DELUXE COVERAGE<br><br>REPLACEMENT COST |

For the following location(s), the base deductible(s) shown in the chart below apply(ies) to each occurrence. For covered losses that are greater than the amount shown in the chart below, the base deductible will be waived. If a loss is subject to a special deductible(s), as described in this Coverage Summary or in the policy, the special deductible(s) will apply in lieu of the base deductible, and will not be waived.

| For your location(s) | Base deductible | Base deductible<br>Waived for losses greater than: |
|---|---|---|
| RENTAL AT<br>30 E. 85TH STREET 1D<br>NEW YORK, NY | $5,000 | $50,000 |

## Additional coverages or conditions

**Additions and alterations**
You have up to  $40,000 of Additions and alterations coverage for your residence at
30 E. 85TH STREET 1D, NEW YORK, NY.

© Chubb.2016. All rights reserved.     Form no. Q0802000

continued on the next page

*Reference Copy*

*Coverage Summary*

**Page** 2
**Effective date** 1/9/25
**Policy no.** 14030892-04
**Name** JOSEPH COHEN

---

## Homes and Contents
(Continued)

**Mold remediation expense limit**
In addition to the standard $20,000 mold remediation expense limit, you have  10% of the combined amount of coverage for your contents and additions and alterations as shown in the Coverage Summary at the time of a covered loss for mold remediation expenses for your residence at
30 E. 85TH STREET 1D,  NEW YORK,  NY.
This limit does not increase the amount of coverage for your  RENTAL  unit and will not be affected by any increase in the amount of additions and alterations coverage caused by the application of additions and alterations extended replacement cost payment basis.
**Important notice regarding mold remediation expense limit**
This limit for mold remediation expenses cannot be increased except upon a renewal of this policy, subject to underwriting acceptance. You may decrease the limit shown above at any time.

---

## Liability

Amount of liability coverage: **$1,000,000.**

This is the total amount of your liability coverage. It applies to all property for which you have liability coverage, as shown in the following chart.

Your liability coverage covers damages for which you are legally responsible. For each occurrence, we will pay up to the amount of your liability coverage, as explained in your policy.

However, when you have **excess** liability only, we will pay for a covered loss **only** after the loss exceeds the required primary underlying insurance shown in your policy. This applies whether you have other liability coverage provided under a separate policy with us or by another insurance company.

---

| **Home** | RENTAL AT<br>30 E. 85TH STREET 1D<br>NEW YORK, NY | PERSONAL LIABILITY |
|---|---|---|

As the duly authorized representative of the company my signature validates this policy.

_____

Paul N. Morrissette
Authorized  representative

© Chubb. 2016.  All  rights  reserved.         Form  no.  Q0802000

Reference Copy